UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| COURTNEY GRECA<br>5702 Angola Road<br>Toledo, OH 43615 | )<br>)<br>)<br>) | CASE NO.<br><br>JUDGE |
| *On behalf of herself and all others<br>similarly situated,* | )<br>) | **PLAINTIFF'S COLLECTIVE<br>ACTION COMPLAINT** |
| Plaintiff, | )<br>) | (Jury Demand Endorse Herein) |
| v. | )<br>) | |
| RED BARN INVESTMENTS, LLC<br>*d/b/a* Spicy Tuna Bar and Grill<br>c/o Statutory Agent Richard Smith<br>121 Richards Road<br>Toledo, OH 43607 | )<br>)<br>)<br>)<br>)<br>) | |
| Defendant. | ) | |

Plaintiff Courtney Greca, by and through counsel, respectfully files this Collective Action Complaint against Red Barn Investments, LLC *d/b/a* Spicy Tuna Bar and Grill and states and alleges the following:

## INTRODUCTION

1. Plaintiff brings this case to challenge policies and practices of Red Barn Investments, LLC *d/b/a* Spicy Tuna Bar and Grill (hereinafter "Defendant") that violated the minimum wage provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as the Ohio minimum wage statutes, Ohio Rev. Code Ann. § 4111.01 *et seq.*, and Art. II, Sec. 34a of the Ohio Constitution. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more

employees for and in behalf of himself or themselves and other employees similarly situated" (the "FLSA Collective").

## JURISDICTION AND VENUE

1. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. This Court has supplemental jurisdiction over Plaintiff's claims under the statutes and Constitution of the State of Ohio because those claims are so related to the FLSA claims as to form part of the same case or controversy.

3. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this district and division and/or all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## PARTIES

4. At all times relevant, Plaintiff Courtney Greca was a citizen of the United States and a resident of Lucas County, Ohio.

5. Defendant Red Barn Investments, LLC is an Ohio for-profit limited liability company with its principal place of business in Lucas County, Ohio. Defendant Red Barn Investments, LLC *does business as* "Spicy Tuna Bar and Grill". According to records maintained by the Ohio Secretary of State, Defendant Red Barn Investments, LLC's (hereinafter "Defendant Spicy Tuna Bar and Grill") statutory agent for service of process is Richard Smith, 121 Richards Road, Toledo, OH, 43607.[1]

---

[1] https://businesssearch.ohiosos.gov/?=businessDetails/3957993 (accessed Feb. 21, 2020).

## FACTUAL ALLEGATIONS

### Defendant's Business

6. Defendant operates Spicy Tuna Bar and Grill located in Holland, OH.

### Plaintiff's the FLSA Collective's Employments with Defendant

7. Plaintiff Courtney Greca was employed by Defendant from about 2017 to about January 2020 as a tipped employee.

8. At all times relevant, Plaintiff and the FLSA Collective were employees within the meaning of 29 U.S.C. § 203(e), O.R.C. §§ 4111.01, *et seq.* and Art. II, Sec. 34a of the Ohio Constitution.

9. Plaintiff and the FLSA Collective were classified by Defendant as non-exempt employees and paid on an hourly basis.

10. Part of Plaintiff's and the FLSA Collective's job duties included regularly processing credit card transactions involving out-of-state banks and financial institutions for Defendant's customers.

11. Part of Plaintiff's and the FLSA Collective's job duties included regularly handling multiple goods and products that have been produced or moved in interstate commerce.

12. At all times relevant, Plaintiff and the FLSA Collective were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

### Defendant's Status as an Employer

13. At all times relevant, Defendant was an employer within the meaning of the FLSA, 29 U.S.C. § 203(d), Ohio Const. Article II, Section 34a and O.R.C. §§ 4111.01, *et seq.*, and employed hourly employees, including Plaintiff and the FLSA Collective.

14. At all times relevant, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

15. At all times relevant, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

16. Upon information and belief, Defendant operates an enterprise engaged in commerce, with annual gross volume of business exceeding $500,000.00.

### Defendant's Minimum Wage Violations

17. Defendant compensated Plaintiff and the FLSA Collective as tipped employees during Plaintiff's and the FLSA Collective's employments; Defendant paid Plaintiff and the FLSA Collective less than the statutory minimum hourly wage, a sub-minimum wage, and took a "tip credit" against their minimum wage obligations.

18. The tip-credit provisions of the FLSA allow employers to pay less than the statutory minimum wage provided that the employer complies with the requirements of the tip-credit provisions of 29 U.S.C. § 203(m).

19. The FLSA incorporates state minimum wage laws when they include a higher minimum wage than the FLSA. 29 U.S.C. § 206. Ohio law provides the following requirements for Ohio's minimum wage tip credit: "[a]n employer may pay an employee less than, but not less than half, the minimum wage rate required by this section if the employer is able to demonstrate that the employee receives tips that combined with the wages paid by the employer are equal to or greater than the minimum wage rate for all hours worked." Ohio Const. Article II, Section 34a.

20. Ohio's minimum wage is adjusted annually as specified by Ohio Const. Article II, Section 34a, and for tipped employees was $4.08 per hour *plus tips* totaling at least $8.15 per

hour in 2017, $4.15 per hour *plus tips* totaling at least $8.30 per hour in 2018, $4.30 per hour *plus tips* totaling at least $8.55 per hour in 2019, and $4.35 per hour plus tips totaling at least $8.70 per hour in 2020.

21. Though Defendant paid Plaintiff and the FLSA Collective a sub-minimum wage as tipped employees, Defendant did not comply with 29 U.S.C. § 203(m)'s and Ohio law's tip credit requirements and was thus disqualified from taking a tip credit against Plaintiff's and the FLSA Collective's minimum wages.

### *Defendant's Unlawful Tip Pooling/Sharing Practices*

22. Plaintiff and the FLSA Collective were required by Defendant to share their tips with workers paid under the table and/or other customarily non-tipped employees.

23. Defendant was prohibited from taking a tip credit when it withheld portions of tipped employees' tips and distributed tips to customarily non-tipped employees including workers paid under the table and/or other non-tipped employees. 29 CFR § 531.59.

24. Retaining tips to pay wages of other employees who do not customarily and regularly receive tips does not constitute a valid tip sharing or pooling practice under the Department of Labor's regulations and federal and state law. As a result of Defendant's unlawful tip sharing and pooling practices, Defendant was disqualified from taking a tip credit.

25. As a result of the impermissible tip sharing and pooling policies or practices, Plaintiff and the FLSA Collective were regularly paid less than the Ohio and federal minimum wage. *See* 29 CFR § 531.54. As a result of Defendant's unlawful tip sharing and pooling policies or practices, Plaintiff and the FLSA Collective are entitled to receive the non-tipped employee minimum wage plus tips for every hour of work that they performed for Defendant.

*Defendant's Failure to Provide Tip-Credit Notice*

26. The FLSA required Defendant to inform their tipped employees of the provisions of the tip-credit subsections of the FLSA and Ohio law. 29 U.S.C. § 203(m)(2), O.R.C. § 4111.14(B) (incorporating FLSA standards).

27. Defendant was prohibited from taking a tip credit when it failed to inform its tipped employees of the provisions of the tip-credit subsection of the FLSA. 29 U.S.C. § 203(m)(2)

28. Defendant violated the FLSA by paying employees subminimum wages without informing them of the tip-credit provisions of the FLSA.

29. As a result of Defendant's failure to provide tip-credit notice, Defendant was disqualified from taking a tip credit, and Plaintiff and the FLSA Collective are entitled to receive the non-tipped employee minimum wage plus tips for every hour of work that they performed for Defendant.

## COLLECTIVE ACTION ALLEGATIONS

30. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

31. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."

32. The FLSA Collective consists of:

> All present and former hourly tipped employees of Defendant during the period three years prior to the filing of this complaint to the present.

6

33. Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were non-exempt employees of Defendant, all were subjected to and injured by Defendant's unlawful practice of failing to pay minimum wage for all hours worked, and all have the same claims against Defendant for unpaid minimum wage, as well as for liquidated damages, attorneys' fees, and costs.

34. Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

35. Plaintiff cannot yet state the exact number of similarly-situated persons but avers, upon information and belief, that they consist of approximately 15 persons. Such persons are readily identifiable through the payroll records Defendant has maintained, and was required to maintain, pursuant to the FLSA and Ohio law.

## COUNT ONE
### (FLSA Minimum Wage Violations)

36. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

37. The FLSA requires that "non-exempt" employees receive a minimum hourly wage for all work their employers suffer, permit or require them to perform. 29 U.S.C. § 206.

38. Defendant failed to comply with the requirements of 29 U.S.C. § 206, by paying employees less than the applicable Ohio minimum wage. Defendant has engaged in a series of unlawful acts, practices, policies, and procedures in violation of the FLSA, including refusing and/or failing to calculate and pay Plaintiff's and the FLSA Collective's minimum wages as required by federal law. 29 U.S.C. § 206.

39. Defendant's unlawful conduct directly and proximately caused Plaintiff and the FLSA Collective to suffer damages for which they are entitled to judgment.

40. Defendant's violations have been willful and/or in reckless disregard of Plaintiff's and the FLSA Collective's rights, and entitle Plaintiff and the FLSA Collective to liquidated and/or punitive damages. 29 U.S.C. § 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## COUNT TWO
**(Ohio Minimum Wage Violations)**

41. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

42. Ohio wage law requires that employees receive a minimum hourly wage for all work their employers suffer, permit or require them to perform. Art. II, Sec. 34a of the Ohio Constitution; O.R.C. Chapter 4111.

43. Based on the improper practices described herein, Defendant failed to comply with the requirements of Ohio law by paying employees less than the applicable minimum wage rate.

44. Defendant has engaged in a series of unlawful acts, practices, policies, and procedures in violation of Art. II, Sec. 34a of the Ohio Constitution & O.R.C. Chapter 4111, including by refusing and/or failing to calculate and pay Plaintiff's and the FLSA Collective's minimum wages as required by Ohio law.

45. Defendant's unlawful conduct directly and proximately caused Plaintiff and the FLSA Collective to suffer damages for which they are entitled to judgment.

46. Plaintiff and the FLSA Collective are entitled to triple damages for Defendant's minimum wage violations pursuant to Ohio Const. Art. II, Sec. 34a, Ohio Constitution & O.R.C. Chapter 4111.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B. Enter judgment against Defendant and in favor of Plaintiff and the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b);

C. Award compensatory damages to Plaintiff and the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b) in the amount of their unpaid minimum wages, as well as statutory damages in an amount equal to twice the unpaid minimum wages under Ohio Law;

D. Award compensatory damages to Plaintiff and the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b) in the amount of the sum of any tip credit taken by Defendant and all tips unlawfully kept by Defendant, in addition to liquidated damages in an equal amount, as well as $1,100 for each violation of 29 U.S.C. § 203(m)(2)(B); and

E. Award Plaintiff her costs and attorneys' fees incurred in prosecuting this action and such further relief as the Court deems equitable and just.

Respectfully submitted,

*s/ Kevin M. McDermott II*
Joseph F. Scott (0029780)
Ryan A. Winters (0086917)
Kevin M. McDermott II (0090455)
SCOTT & WINTERS LAW FIRM, LLC
The Caxton Building
812 Huron Rd. E., Suite 490
Cleveland, OH 44115
P: (216) 912-2221 | F: (216) 350-6313
jscott@ohiowagelawyers.com
rwinters@ohiowagelawyers.com
kmcdermott@ohiowagelawyers.com

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues so triable.

                                                           s/ *Kevin M. McDermott II*
                                                           Kevin M. McDermott II (0090455)